**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 94-40669**

---

**WESLEY ANDRESS,**

**Plaintiff-Appellee,**
**Cross-Appellant,**

**VERSUS**

**CLEVELAND INDEPENDENT SCHOOL DISTRICT, ET AL.,**

**Defendants,**

**CLEVELAND INDEPENDENT SCHOOL DISTRICT,**

**Defendant-Appellant,**
**Cross-Appellee.**

**CENTRAL EDUCATION AGENCY AND COMMISSIONER OF EDUCATION,**
**Defendant-Appellee.**

---

Appeals from the United States District Court
for the Eastern District of Texas

(August 28, 1995)

Before LAY,[1] DUHÉ and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

This is an appeal by the Cleveland Independent School District ("the school district"), which was forced to pay, under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"), for the private schooling of Wesley Andress, a

---

[1]Circuit Judge of the Eighth Circuit, sitting by designation.

special education student. Wesley's parents refused to allow the school district to reevaluate him, using its own personnel, in order to determine his continuing eligibility for special education, as his parents feared such reevaluation would harm him. We hold that there is no exception to the rule that a school district has the right to reevaluate a student using its own personnel and we REVERSE the judgment of the district court and RENDER a take-nothing judgment in favor of the school district.

Wesley also sued the school district and the Texas Central Education Agency ("TEA") under § 504 of the Rehabilitation Act of 1973 (codified at 29 U.S.C. 794) and 42 U.S.C. § 1983, because the hearing officer did not issue his decision within 45 days from the end of the evidentiary hearing. The district court dismissed both claims against both the school district and the TEA. We find that Wesley waived any right to a decision within 45 days and AFFIRM the decision of the district court.

## BACKGROUND

Wesley Andress, now a twenty-four year old man, was enrolled in the Cleveland Independent School District from 1982 to 1988. In 1982, the school district evaluated Wesley and classified him as learning disabled and speech impaired special education student under IDEA. In 1985, the school district reevaluated Wesley and determined that while he was no longer speech impaired, he remained learning disabled under IDEA.

During the fall of 1986, Wesley was taunted and hazed by his classmates. Eventually, the taunting turned to physical violence,

and, once, fellow students attempted "to poke a tennis racket up his rear". As a result of this abuse, Wesley was admitted to a psychiatric hospital in the spring of 1987.

After Wesley's release from the psychiatric hospital, he was placed, at the request of his psychiatrist, Dr. Barbara Hibner, on homebound instruction for the 1987-88 school year. Wesley's three-year comprehensive reevaluation to establish his continuing eligibility for special education services ("reevaluation") was due by late-March 1988. Wesley's parents were aware that a reevaluation was needed, however, based on their understanding of Dr. Hibner's advice that Wesley would be traumatized by additional testing, they refused to allow the school district to test Wesley. Instead, Wesley's parents obtained independent assessments. The school district rejected the assessments, as they did not comply with Texas State Board of Education criteria.

Wesley did not attend school during the 1988-89 school year. In the 1989-90 school year, Wesley's parents unilaterally placed him in Memorial Hall, a small private school, where he remained through the 1990-91 school year.

In December 1989, Wesley's parents requested a special education due process hearing, and in April 1991,the hearing officer rendered a decision. The hearing officer held that the school district cannot be compelled to accept independent assessments in lieu of completing its own reevaluation. Wesley's parents filed suit in federal district court in December 1992, seeking to overturn the hearing officer's decision. In March 1994,

the district court found for Wesley and reversed the hearing officer. The district court held that, while school districts have the right to use their own personnel to reevaluate students, there is an exception where "supervening medical and psychological factors suggest that further evaluations . . . would further damage the student".

The district court awarded Wesley damages of $20,870 and attorney's fees of $28,187.50. The school district filed a timely notice of appeal.

## SCHOOL DISTRICT'S RIGHT TO REEVALUATE WESLEY

Congress passed IDEA in an effort to ensure that "all handicapped children have available to them . . . a free appropriate education which emphasizes special education and related services designed to meet their unique needs". 20 U.S.C. § 1400(c). In order to receive the special education mandated by IDEA, a child must first be identified as "handicapped" or "disabled". Once a child has been identified as handicapped, he must be reevaluated at least every three years, to determine his continuing eligibility for special education. 34 C.F.R. § 300.534.

If a student's parents want him to receive special education under IDEA, they must allow the school itself to reevaluate the student and they cannot force the school to rely solely on an independent evaluation. Gregory K. v. Longview School Dist., 811 F.2d 1307, 1315 (9th Cir. 1987) ("If the parents want [the student] to receive special education under the Act, they are obliged to permit such testing."); DuBois v. Conn. State Bd. of Ed., 727 F.2d

**4**

44, 48 (2d Cir. 1984) ("[T]he school system may insist on evaluation by qualified professionals who are satisfactory to the school officials."); <u>Vander Malle v. Ambach</u>, 673 F.2d 49, 53 (2d Cir. 1983) (School officials are "entitled to have [the student] examined by a qualified psychiatrist of their choosing."). A parent who disagrees with the school's evaluation has the right to have the child evaluated by an independent evaluator, possibly at public expense, and the evaluation must be considered by the school district. 34 C.F.R. § 300.503.

It would be incongruous under the statute to recognize that the parents have a reciprocal right to an independent evaluation, but the school does not. Furthermore, the school, under the existing facts, had every right to insist on an independent evaluation because the parents' evaluations did not comply with the Texas State Board of Education criteria.

The district court in the instant case recognized that school districts have the right to use their own personnel to reevaluate students. However, the district court said that there was an exception to this rule when further testing by school officials would harm the child medically and psychologically. The district court found that the exception was met here and the school district did not have a right to reevaluate Wesley.

The district court erred in creating this judicial exception to the rule. The district court cited no law in support of its position. Nothing in the statutes, regulations or caselaw supports

such an exception.[2]  Therefore, we hold that there is no exception to the rule that a school district has a right to test a student itself in order to evaluate or reevaluate the student's eligibility under IDEA.

## WESLEY'S § 504 AND § 1983 CLAIMS

Wesley sued the school district and the TEA under § 504 of the Rehabilitation Act of 1973 (codified at 29 U.S.C. 794) and 42 U.S.C. § 1983, because the hearing officer did not issue his decision within 45 days from the end of the evidentiary hearing. The evidentiary hearing ended on January 25, 1991 and the hearing officer issued his decision on April 10, 1991, 74 days later. After the close of evidence in the trial, the district court dismissed the § 504 and § 1983 claims against both the school district and the TEA and Wesley appeals.

Wesley requested four continuances of the due process hearing and did not oppose many of the school district's request for continuances.  Wesley's attorney sent a letter to the hearing officer indicating he was waiving the 45-day requirement. Therefore, as Wesley waived any right to a decision within 45 days, the district court did not err in dismissing his § 504 and § 1983 claims, and that decision of the district court is affirmed.[3]

_____

[2]The only case we found concerning any such exception was <u>Doe v. Phillips</u>, 20 I.D.E.L.R. 1150 (N.D. Cal. 1994), where the district court held that there was no medical exception to the school district's right to reevaluate a student using its own personnel.

[3]There is some question as to whether § 504 requires hearing officers to render decisions within 45 days.  However, because Wesley waived any right to a decision within 45 days, we need not

**CONCLUSION**

A handicapped student must be reevaluated every three years to determine his continuing eligibility for special education under IDEA. A parent who desires for her child to receive special education must allow the school district to reevaluate the child using its own personnel; there is no exception to this rule. Wesley's parents refused to allow the school district to reevaluate him. Therefore, Wesley was not eligible for special education after March 1988, when his reevaluation was due.

Because Wesley was not eligible for special education after March 1988, the school district does not owe Wesley or his parents any money to reimburse them for the cost of providing Wesley with special education. Accordingly, the judgment of the district court in favor of Wesley is REVERSED and judgment is RENDERED in favor of defendant-appellant Cleveland Independent School District that plaintiff-appellee Wesley Andress take nothing. The judgment of the district court dismissing Wesley's § 504 and § 1983 claims is AFFIRMED.

REVERSED AND RENDERED IN PART AND AFFIRMED IN PART.

---

reach that issue.

opin\94-40669.opn